**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number (*if known*):_____ Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Sustainable Restaurant Holdings, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Sustainable Restaurant Group; Bamboo Sushi; Quickfish |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **82-3676430** |

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 920 SW 6th Avenue, Suite 1200 | |
| Number    Street | Number    Street |
| | P.O. Box 3347 |
| | P.O. Box |
| Portland, OR  97204 | Portland, OR  97208 |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Multnomah County, OR | |
| County | Number    Street |
| | |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.sustainablerestaurantgroup.com |

Debtor    <u>Sustainable Restaurant Holdings, Inc.</u>                                      Case number *(if known)*_____
          Name

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**7225 - Restaurants and Other Eating Places**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    <u>Sustainable Restaurant Holdings, Inc.</u>    Case number *(if known)* _____
      Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
                             MM / DD / YYYY

           District _____ When _____ Case number _____
                             MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor __**See Rider 1**__ Relationship __**Affiliate**__

       District __**Delaware**__ When __**05/12/2020**__
                                   MM / DD / YYYY

       Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                Number     Street

                _____

                _____        _____
                City                 State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

---

    █  **Statistical and administrative information**

---

| Debtor | Sustainable Restaurant Holdings, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/12/2020**
MM / DD / YYYY

✘   **/s/ Matthew Park**                              **Matthew Park**
Signature of authorized representative of debtor        Printed name

Title  **President and Chief Executive Officer**

---

| Debtor | Sustainable Restaurant Holdings, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ **/s/ Domenic E. Pacitti**
Signature of attorney for debtor

Date **05/12/2020**
MM / DD / YYYY

**Domenic E. Pacitti**
Printed name

**Klehr Harrison Harvey Branzburg LLP**
Firm name

**919 North Market Street, Suite 1000**
Number       Street

**Wilmington**
City

**DE**
State

**19801-3062**
ZIP Code

**302-426-1189**
Contact phone

**dpacitti@klehr.com**
Email address

**3989**
Bar number

**DE**
State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

_____
(State)

Case number *(if known):* _____   Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.

| | |
|---|---|
| 1. | Sustainable Restaurant Holdings, Inc. |
| 2. | SRG Operations, LLC |
| 3. | Quickfish LLC |
| 4. | Bamboo Sushi, LLC |
| 5. | Quickfish Pearl District LLC |
| 6. | Quickfish SW Stark, LLC |
| 7. | Quickfish Slabtown LLC |
| 8. | Quickfish Avanti (Bamboo Sushi Avanti, LLC) |
| 9. | Bamboo Sushi NE Alberta, LLC |
| 10. | Bamboo Sushi Lake Oswego, LLC |
| 11. | Bamboo Sushi SW 12th, LLC |
| 12. | Bamboo Sushi Denver Lo-Hi, LLC |
| 13. | Bamboo Sushi NW 23rd, LLC |
| 14. | Bamboo Sushi Seattle Cap Hill, LLC |
| 15. | Bamboo Sushi U Village Seattle, LLC |
| 16. | Bamboo Sushi Embarcadero SF, LLC |
| 17. | Bamboo Sushi Bishop Ranch, LLC |
| 18. | Bamboo Sushi Kierland Scottsdale, LLC |
| 19. | Bamboo Sushi Commissary Kitchen, LLC |
| 20. | Bamboo Sushi Biltmore Phoenix, LLC |
| 21. | Bamboo Sushi Valley Fair, LLC |
| 22. | Bamboo Sushi Washington Square, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sustainable Restaurant Holdings, Inc., *et al.*,[1] | ) | Case No. 20-____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS OF
SUSTAINABLE RESTAURANT HOLDINGS, INC.[2]**

| Debtor | Equity Holders | Percentage of Equity Held |
|---|---|---|
| Sustainable Restaurant Holdings, Inc. | Kristofor Lofgren | 42.1% |
| | Bain Capital Double Impact Fund, LP | 35.4% |
| | BCIP Double Impact Associates, L.P. | 3.8% |
| | Kitchen Fund, LP | 4.4% |
| | Valor R&D Series LLC – Series DB | 0.5% |
| | Jay Jeffers | 0.3% |
| | Jerome Guillen | 0.3% |
| | Will Guidara | 0.1% |
| | David Ostrander | 0.3% |
| | James Herbert (Trustee) | 0.4% |
| | James E. John | 0.3% |
| | GEH LLC | 0.3% |
| | John Trefethen (Trustee) | 0.4% |
| | Hailey E. Trefethen (Trustee) | 0.1% |
| | Loren E. Trefethen (Trustee) | 0.1% |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Sustainable Restaurant Holdings, Inc. (6430); SRG Operations, LLC (0486); Quickfish LLC (7391); Bamboo Sushi, LLC (9009); Quickfish Pearl District LLC (9060); Quickfish SW Stark, LLC (1879); Quickfish Slabtown LLC (7391); Quickfish Avanti (Bamboo Sushi Avanti, LLC) (9009); Bamboo Sushi NE Alberta, LLC (7610); Bamboo Sushi Lake Oswego, LLC (9484); Bamboo Sushi SW 12th, LLC (7382); Bamboo Sushi Denver Lo-Hi, LLC (4045); Bamboo Sushi NW 23rd, LLC (1361); Bamboo Sushi Seattle Cap Hill, LLC (9009); Bamboo Sushi U Village Seattle, LLC (9052); Bamboo Sushi Embarcadero SF, LLC (5837); Bamboo Sushi Bishop Ranch, LLC (3763); Bamboo Sushi Kierland Scottsdale, LLC (0483); Bamboo Sushi Commissary Kitchen, LLC (2194); Bamboo Sushi Biltmore Phoenix, LLC (9412); Bamboo Sushi Valley Fair, LLC (2887); Bamboo Sushi Washington Square, LLC (5066).  The Debtors' headquarters address is: 920 SW 6th Avenue, Suite 1200, Portland, OR 97204 and mailing address is: PO Box 3347, Portland, OR 97208. The Debtors operate restaurants under the following names: Bamboo Sushi and Quickfish.

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of this chapter 11 case.

|  | Adam K. Lowry and Mara Lowry (Trustee) | 0.5% |
|--|----------------------------------------|------|
|  | Benjamin Clymer | 0.1% |
|  | Millennium Trust Co., LLC | 0.3% |
|  | Eric Kessler and Sharapat Kessler | 0.1% |
|  | Jacbert, LLC | 0.3% |
|  | Incentive Plan Issued and Available | 10.4% |

Fill in this information to identify the case and this filing:

Debtor Name: **Sustainable Restaurant Holdings, Inc.**

United States Bankruptcy Court for the: **District of Delaware**

_____ (State)

Case number (If known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.
I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 05/12/2020 | /s/ Matthew Park |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Matthew Park** |
| | Printed name |
| | **President and Chief Executive Officer** |
| | Position or relationship to debtor |

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Sustainable Restaurant Holdings, Inc., *et al.*,[1] | ) Case No. 20-(_____) (___) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**CORPORATE OWNERSHIP STATEMENT OF**
**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned Debtor in this case submits the following information:

| Corporate Equity Holder | Address of Corporate Equity Owner | Percentage of Equity Held |
|---|---|---|
| Kristofor Lofgren | 1011 SW Davenport Street Portland, OR 97201 | 42.1% |
| Bain Capital Double Impact Fund, LP | John Hancock Tower 200 Clarendon Street Boston, MA 02116 | 35.4% |
| BCIP Double Impact Associates, L.P. | John Hancock Tower 200 Clarendon Street Boston, MA 02116 | 3.8% |
| Kitchen Fund, LP | 500 Park Avenue, 4th Floor New York, NY 10022 | 4.4% |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Sustainable Restaurant Holdings, Inc. (6430); SRG Operations, LLC (0486); Quickfish LLC (7391); Bamboo Sushi, LLC (9009); Quickfish Pearl District LLC (9060); Quickfish SW Stark, LLC (1879); Quickfish Slabtown LLC (7391); Quickfish Avanti (Bamboo Sushi Avanti, LLC) (9009); Bamboo Sushi NE Alberta, LLC (7610); Bamboo Sushi Lake Oswego, LLC (9484); Bamboo Sushi SW 12th, LLC (7382); Bamboo Sushi Denver Lo-Hi, LLC (4045); Bamboo Sushi NW 23rd, LLC (1361); Bamboo Sushi Seattle Cap Hill, LLC (9009); Bamboo Sushi U Village Seattle, LLC (9052); Bamboo Sushi Embarcadero SF, LLC (5837); Bamboo Sushi Bishop Ranch, LLC (3763); Bamboo Sushi Kierland Scottsdale, LLC (0483); Bamboo Sushi Commissary Kitchen, LLC (2194); Bamboo Sushi Biltmore Phoenix, LLC (9412); Bamboo Sushi Valley Fair, LLC (2887); Bamboo Sushi Washington Square, LLC (5066). The Debtors' headquarters address is: 920 SW 6th Avenue, Suite 1200, Portland, OR 97204 and mailing address is: PO Box 3347, Portland, OR 97208. The Debtors operate restaurants under the following names: Bamboo Sushi and Quickfish.

| | | |
|---|---|---|
| Valor R&D Series LLC – Series DB | 875 North Michigan Avenue<br>Suite 3214<br>Chicago, IL 60611 | 0.5% |
| Jay Jeffers | 1035 Post Street<br>San Francisco, CA 94109 | 0.3% |
| Jerome Guillen | 23 Linaria Way<br>Portola Valley, CA 94028 | 0.3% |
| Will Guidara | 139 West 19th Street, Apt. 8E<br>New York, NY 10011 | 0.1% |
| David Ostrander | 22 White Pine Canyon Road<br>Park City, UT 84060 | 0.3% |
| James Herbert (Trustee) | 1908 Filbert Street<br>San Francisco, CA 94123 | 0.4% |
| James E. John | 6117 Buena Vista Drive<br>Vancouver, WA 98661 | 0.3% |
| GEH LLC | P.O. Box 3586<br>Napa, CA 81632 | 0.3% |
| John Trefethen (Trustee) | P.O. Box 1391<br>Edwards, CO 81632 | 0.4% |
| Hailey E. Trefethen (Trustee) | 5901 Christine Avenue, Ste. 102<br>Emeryville, CA 94608 | 0.1% |
| Loren E. Trefethen (Trustee) | P.O. Box 2460<br>Napa, CA 94558 | 0.1% |
| Adam K. Lowry and Mara Lowry (Trustee) | 4 Starboard Court<br>Mill Valley, CA 94941 | 0.5% |
| Benjamin Clymer | 21 West End Avenue, Apt. 3208<br>New York, NY 10023 | 0.1% |
| Millennium Trust Co., LLC | 2001 Spring Road, Ste. 700<br>Oak Brook, IL 60523 | 0.3% |
| Eric Kessler and Sharapat Kessler | 3775 Olive Street<br>Washington, DC 20015 | 0.1% |

| Jacbert, LLC | 102 NE 2nd Street, Ste. 283<br>Boca Raton, FL 33432 | 0.3% |
|---|---|---|
| Incentive Plan Issued and Available | 920 SW 6th Avenue, Suite 1200<br>Portland, OR 97204 | 10.4% |

Fill in this information to identify the case and this filing:

Debtor Name        **Sustainable Restaurant Holdings, Inc.**

United States Bankruptcy Court for the:        **District of Delaware**
                                                                                        (State)
Case number (If known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

- ☐ *Schedule H: Codebtors (Official Form 206H)*

- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

- ☐ Amended Schedule

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

- ☒ Other document that requires a declaration_____        Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        **05/12/2020**                        **/s/ Matthew Park**
                                MM/ DD/YYYY                Signature of individual signing on behalf of debtor

                                                                **Matthew Park**
                                                                Printed name

                                                                **President and Chief Executive Officer**
                                                                Position or relationship to debtor

Debtor name  **Sustainable Restaurant Holdings, Inc.**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  OVF Bamboo, LLC c/o Oregon Venture Fund Attn: Eric Rosenfeld 760 SW 9th Ave, Ste 2380 Portland, OR 97205 | OVF Bamboo, LLC Attn: Eric Rosenfeld Email: eric@oregonventurefund.com | Debts | | | | $1,409,800.00 |
| 2  Shrader & Martinez Construction, USA LLC 160 Dry Creek Rd Sedona, AZ 86336 | Shrader & Martinez Construction, USA LLC Attn: Loretta Keesey, Carol Bertnick Tel: 928-282-7554 Email: lkeesey@shradermartinez.com; cbertnick@shradermartinez.com | Vendor | | | | $1,068,100.49 |
| 3  D Kelly Construction, Inc 55 Lafayette St San Francisco, CA 94103 | D Kelly Construction, Inc Attn: Lisa Craib McMillan Tel: 415-330-9294 Fax: 415-330-9284 | Vendor | | | | $375,733.74 |
| 4  Bargreen Ellingson Lockbox 310055 P.O. Box 94328 Seattle, WA 98124-6628 | Bargreen Ellingson Attn: Alex Leppe Tel: 206-682-1472; 303-405-2734 Fax: 303-607-6551 Email: a.leppe@bargreen.com | Vendor | | | | $98,917.64 |

Debtor name  **Sustainable Restaurant Holdings, Inc.**                    Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5   University Village LP<br>2623 NE University Village St, Ste 7<br>Seattle, WA 98105 | University Village LP<br>Attn: Phil Flores<br>Tel: 206-523-0622<br>Email: phil@uvillage.com;<br>ar@uvillage.com | Landlord | | | | $71,450.66 |
| 6   Bain Capital Double Impact, LP<br>John Hancock Tower<br>200 Clarendon St<br>Boston, MA 02116 | Bain Capital Double Impact, LP<br>Attn: Bryan C Curran<br>Tel: 617-516-2075<br>Email: bcurran@baincapital.com;<br>twestermann@baincapital.com | Professional Services | | | | $44,000.00 |
| 7   VF Mall LLC<br>P.O. Box 55702<br>Los Angeles, CA 90074-5702 | VF Mall LLC<br>Attn: Jim Lee<br>Tel: 310-689-5651<br>Email: jim.lee@urw.com | Landlord | | | | $43,313.84 |
| 8   Washington Dept of Revenue<br>Treasury Management<br>P.O. Box 47464<br>Olympia, WA 98504-7464 | Washington Dept of Revenue | Tax | | | | $33,902.35 |
| 9   Scott Edwards Architecture, LLP<br>2525 East Burnside St<br>Portland, OR 97214-1753 | Scott Edwards Architecture, LLP<br>Attn: Jeff Hammond, Lindsey Phillips<br>Tel: 503-226-3617<br>Email: jeff@seallp.com;<br>lphillips@seallp.com | Vendor | | | | $32,580.72 |
| 10  Platinum AVL<br>104 SW 2nd Ave<br>Portland, OR 97204 | Platinum AVL<br>Attn: Ali Tabatabaie<br>Tel: 503-222-9166<br>Fax: 503-222-9355<br>Email: Ali@platinumAVL.com | Vendor | | | | $31,800.60 |

Debtor name **Sustainable Restaurant Holdings, Inc.**                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11  Geffen Mesher<br>888 SW 5th Ave, Ste 800<br>Portland, OR 97204 | Geffen Mesher<br>Attn: Lindsey S Martin<br>Tel: 503-445-3371<br>Email: lmartin@gmco.com | Professional Services | | | | $30,000.00 |
| 12  LoHi Garden LLC<br>Attn: Sharon McMeen<br>7400 E Crestline Cr, Ste 125<br>Greenwood Village, CO 80111 | LoHi Garden LLC<br>Attn: Regan Schmergel, Sharon McMeen<br>Tel: 720-219-7647<br>Email: reganschmergel@infinityc.com | Landlord | | | | $28,535.57 |
| 13  Courtyard Properties<br>1122 Stark Investment, LLC<br>2455 NW Marshall St Ste 1<br>Portland, OR 97210-2997 | Courtyard Properties<br>Attn: Carmen Toney<br>Tel: 503-223-6260<br>Email: f19b3eb43c2fb390580f865aa6b027746e5dc50d@courtyardproperties.mailer.appfolio.us | Landlord | | | | $27,874.80 |
| 14  Ascentium Capital LLC<br>P.O. Box 301593<br>Dallas, TX 75303-1593 | Ascentium Capital LLC<br>Attn: Robert Alvarado, Melissa Scheu<br>Tel: 877-568-5915 x0347; 281-902-1452<br>Fax: 866-846-3679; 281-921-3452<br>Email: RobertAlvarado@ascentiumcapital.com; MelissaScheu@ascentiumcapital.com | Vendor | | | | $26,535.00 |
| 15  US Foods - Seattle<br>P.O. Box 94781<br>Seattle, WA 98124-7081 | US Foods - Seattle<br>Attn: John Sandstrom<br>Tel: 855-877-1476<br>Email: john.sandstrom@usfoods.com; seaarrequests@usfood.com | Vendor | | | | $26,523.01 |

Debtor name  **Sustainable Restaurant Holdings, Inc.**                     Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  Davis Wright Tremaine LLP<br>1300 SW Fifth Ave, Ste 2400<br>Portland, OR 97201 | Davis Wright Tremaine LLP<br>Attn: Julie Springer<br>Tel: 503-778-5462<br>Fax: 503-778-5299<br>Email: juliespringer@dwt.com | Professional Services | | | | $24,686.25 |
| 17  Pacific Lightworks LLC<br>16459 Lexington Ct<br>Lake Oswego, OR 97034 | Pacific Lightworks LLC<br>Attn: Earl F Levin<br>Tel: 503-635-7203<br>Email: ELevin@PacificLightworks.com | Vendor | | | | $23,999.56 |
| 18  Creative Financial Staffing, LLC<br>1 International Pl, 16th Fl<br>Boston, MA 02110 | Creative Financial Staffing, LLC<br>Attn: Mary Gerber<br>Tel: 503-552-6719<br>Email: mgerber@cfstaffing.com | Vendor | | | | $23,625.13 |
| 19  Biltmore Fashion Park<br>P.O. Box 31001-2178<br>Pasadena, CA 91110-2178 | Biltmore Fashion Park<br>Attn: Rick Dawson<br>Tel: 602-955-8401<br>Email: Rick.Dawson@macerich.com | Landlord | | | | $23,527.13 |
| 20  Lmnop Design, Inc<br>45 29th St<br>San Francisco, CA 94110 | Lmnop Design, Inc<br>Attn: Tyler Pew, Benjamin Rubke<br>Tel: 415-400-3863<br>Email: tyler@lmnopdesigninc.com;<br>ben@makedesignthink.com | Vendor | | | | $22,635.41 |
| 21  ROY - A Hospitality Design Studio<br>3616 Lawton St<br>San Francisco, CA 94122 | ROY - A Hospitality Design Studio<br>Attn: Hannah Collins<br>Tel: 415-829-2670<br>Email: hannah@thisisroy.com | Vendor | | | | $21,092.50 |

Debtor name   **Sustainable Restaurant Holdings, Inc.**                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22  California Dept of Tax & Fee Administration P.O. Box 942879 Sacramento, CA 94279 | California Dept of Tax & Fee Administration | Tax | | | | $21,007.41 |
| 23  Fyrn Attn: David Charne 2901 Mariposa St, Ste 10 San Francisco, CA 94110 | Fyrn Attn: David Charne Tel: 415-306-2671 Email: dave@fyrn.com | Vendor | | | | $19,851.17 |
| 24  JFC International, Inc 5015 E 8th St, Ste B Tacoma, WA 98424 | JFC International, Inc Attn: Joshua Her, Chiharu Hogan Tel: 253-922-8889;  253-896-2152 Email: jher@jfc.com; chogan@jfc.com; jse.ar@jfc.com | Vendor | | | | $19,540.07 |
| 25  True World Foods, LLC 32-34 Papetti Plz Elizabeth, NJ 07206 | True World Foods, LLC Attn: Yasu Endo Tel: 360-695-9577 Email: EndoY@trueworldfoods.com | Vendor | | | | $18,205.82 |
| 26  Aeonian Partners, LP c/o Sunset Development Company P.O. Box 640 San Ramon, CA 94583 | Aeonian Partners, LP Attn: Marilou Jocson Tel: 925-815-1901; 925-815-1907 Email: mjocson@bishopranch.com | Landlord | | | | $17,856.30 |
| 27  Wizer Properties LLC c/o GREP Southwest, LLC Attn: Commercial Property Manager 1125 NW Couch St, Ste 450 Portland, OR 97209 | Wizer Properties LLC Attn: Bryce Harp Tel: 503-416-2587 Email: Bryce.Harp@greystar.com | Landlord | | | | $17,494.41 |

Debtor name  **Sustainable Restaurant Holdings, Inc.**                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Pacific Sea Food Co Inc 570<br>16797 SE 130th Ave<br>Clackamas, OR 97015 | Pacific Sea Food Co Inc 570<br>Attn: Andrea Greene<br>Tel: 503-905-4438<br>Email: AGreene @pacseafood.com;<br>argeneral@pacseafood.com | Vendor | | | | $15,487.22 |
| 29  Pine City LLC<br>1271 Adair St<br>San Marino, CA 91108 | Pine City LLC<br>Attn: Renita Lin<br>Email: renitaolivia @gmail.com | Landlord | | | | $15,397.41 |
| 30  Kristofer Lofgren<br>1011 SW Davenport St<br>Portland, OR 97201 | Kristofer Lofgren<br>Tel: 310-877-9808<br>Email: kslofgren@gmail.com | Former Employee | | | | Undetermined |

Fill in this information to identify the case and this filing:

Debtor Name     **Sustainable Restaurant Holdings, Inc.**

United States Bankruptcy Court for the:     **District of Delaware**

(State)

Case number (If known):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____Certification of Creditor Matrix_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **05/12/2020**                    */s/ Matthew Park*
                 MM/ DD/YYYY                      Signature of individual signing on behalf of debtor

                                                  **Matthew Park**
                                                  Printed name

                                                  **President and Chief Executive Officer**
                                                  Position or relationship to debtor

**Sustainable Restaurant Holdings**
*($ USD)*

| | FY 2019 | YTD Mar'20 |
|---|---|---|
| **Income Statement:** | | |
| **Revenue** | - | - |
| | | |
| Meal COGS | - | - |
| Labor COGS | - | - |
| COGS | - | - |
| | | |
| **Gross Profit** | - | - |
| *% margin* | | |
| | | |
| Direct Operating Expenses | - | - |
| Utilities | - | - |
| R&M | - | - |
| Supplies | - | - |
| G&A | - | - |
| T&E | - | - |
| Occupancy | - | - |
| Operating Expenses | - | - |
| | | |
| **EBITDA** | - | - |
| *% margin* | | |
| | | |
| Depreciation & Amortization | - | - |
| Pre-Opening Expenses | - | - |
| Other (Income) Expense | - | 18,797 |
| GAAP Expenses | - | - |
| Corporate Overhead | 6,403 | 17,613 |
| Income Taxes | (700) | - |
| **Net Income** | **(5,703)** | **(36,410)** |

**Sustainable Restaurant Holdings**
 *($ USD)*

| | FY 2019 | YTD Mar'20 |
|---|---|---|
| **Balance Sheet:** | | |
| Cash | 3,600 | 125,960 |
| Due to/from | 16,127,012 | 17,405,089 |
| Receivables | - | - |
| Inventory | - | - |
| Prepaid Expenses | - | - |
| Current Assets | 16,130,611 | 17,531,049 |
| | | |
| Fixed Assets, Gross | - | - |
| Accum. Depreciation | - | - |
| Fixed Assets, Net | - | - |
| | | |
| Intangible Assets | - | - |
| Other Assets | - | - |
| Notes Receivable | - | - |
| **ASSETS** | **16,130,611** | **17,531,049** |
| | | |
| Account Payable | - | 8,250 |
| Credit Cards | - | - |
| Payroll Liabilities & Tips | - | - |
| Sales Tax Payable | - | - |
| Accrued Liabilities | - | - |
| Accrued Interest Payable | - | 18,797 |
| Expensify Liability | - | - |
| Gift Cards Payable | - | - |
| Liabilities - Other | - | - |
| Current Liability | - | 27,047 |
| | | |
| Deferred Rent | - | - |
| Leasehold Improvements Allowance | - | - |
| Capital Lease Liability | - | - |
| Computer & POS System Note Payable | - | - |
| Convertible Notes Payable | - | 1,409,800 |
| **Liabilities** | **-** | **1,436,847** |
| | | |
| Partner Capital (KSL) | - | - |
| Preferred Stock | 236 | 236 |
| Common Stock | 250 | 250 |
| APIC | 16,332,123 | 16,332,123 |
| Retained Earnings | (196,295) | (201,998) |
| YTD Income | (5,703) | (36,410) |
| **Liabilities & Equity** | **16,130,611** | **17,531,049** |

# SUSTAINABLE RESTAURANT HOLDINGS, INC.

## AND SUBSIDIARIES

## JOINT RESOLUTIONS OF

## THE BOARD AND THE MEMBERS

May  10 , 2020

The undersigned, being (i) all of the directors of the board of directors (the "Board"), of **Sustainable Restaurant Holdings, Inc.**, a Delaware corporation ("Holdings"), (ii) Holdings, as the sole member of each of (x) **Quickfish LLC**, an Oregon limited liability company ("Quickfish"), (y) **Bamboo Sushi, LLC**, an Oregon limited liability company ("Bamboo", and collectively with Holdings and Quickfish, the "Members"), and (z) **SRG Operations, LLC** (dba Sustainable Restaurant Group), an Oregon limited liability company ("SRG"), (iii) Quickfish, as the sole member of each of the entities listed on Schedule A attached hereto (the "Quickfish Restaurants"), and (iv) Bamboo, as the sole member of each of the entities listed on Schedule B attached hereto (the "Bamboo Restaurants", together with Holdings, Bamboo, Quickfish, SRG, and the Quickfish Restaurants, the "Companies"), at a special meeting of the Board and the Members, have taken the following actions and adopted the following resolutions pursuant to the Bylaws of Holdings, Section 141(i) of the Delaware General Corporation Law, Section 2017 ORS 63.130(5) of the Oregon Limited Liability Company Act and Section 18-302(c) of the Delaware Limited Liability Act, as applicable, and the operating agreements of each of Quickfish, Bamboo, SRG, the Quickfish Restaurants and the Bamboo Restaurants, as applicable, effective as of the date set forth above:

## Chapter 11 Filing

**WHEREAS**, the Board and the Members considered presentations by the management and the financial and legal advisors of the Companies regarding the financial situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' business; and

**WHEREAS**, the Board and the Members have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to it;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board and the Members, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies shall be, and hereby are, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition to be filed by the Companies is referred to herein as the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that any duly appointed officer of the Companies, (collectively, including, but not limited to, the Chief Executive Officer, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that he or she deems necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Companies' business or to assist the Companies in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code; and it is

## Retention Of Professionals

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP, as Delaware legal counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of SSG Advisors, LLC, as investment banker, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of SSG Advisors, LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Getzler Henrich & Associates LLC as restructuring advisors, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Getzler Henrich & Associates LLC; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Omni Agent Solutions as notice, claims, and balloting agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and

to cause to be filed an appropriate application for authority to retain the services of Omni Agent Solutions; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of the cases; and it is

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Board and the Members have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and it is

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board and the Members; and it is

**FURTHER RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals..

[SIGNATURES FOLLOW]

IN WITNESS WHEREOF, the undersigned have executed this Joint Resolution of the Board and Written Consent of the Members effective as of the day and year first written above.

**BOARD OF DIRECTORS OF HOLDINGS:**

_____
Matthew Park

_____
Cecilia Chao

_____
Pamela B. Corrie

_____
Christopher Cozzone

*Constituting all of the Directors of the Board of Directors of Sustainable Restaurant Holdings, Inc.*

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

By: _____
   Name: MATTHEW PARK
   Title: PRESIDENT + INTERIM CEO

*Constituting the sole Member of Bamboo Sushi, LLC, SRG Operations, LLC and Quickfish LLC*

**QUICKFISH LLC**

By: _____
   Name: MATTHEW PARK
   Title: PRESIDENT + INTERIM CEO

*Constituting the sole Member of the Quickfish Restaurants, as listed herein on Schedule A*

IN WITNESS WHEREOF, the undersigned have executed this Joint Resolution of the Board and Written Consent of the Members effective as of the day and year first written above.

**BOARD OF DIRECTORS OF HOLDINGS:**

_____
Matthew Park

_____
Cecilia Chao

_____
Pamela B. Corrie

_____
Christopher Cozzone

***Constituting all of the Directors of the Board of Directors of Sustainable Restaurant Holdings, Inc.***

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

By: _____
    Name:
    Title:

***Constituting the sole Member of Bamboo Sushi, LLC, SRG Operations, LLC and Quickfish LLC***

**QUICKFISH LLC**

By: _____
    Name:
    Title:

***Constituting the sole Member of the Quickfish Restaurants, as listed herein on Schedule A***

IN WITNESS WHEREOF, the undersigned have executed this Joint Resolution of the Board and Written Consent of the Members effective as of the day and year first written above.

**BOARD OF DIRECTORS OF HOLDINGS:**

_____
Matthew Park

_____
Cecilia Chao

_____
Pamela B. Corrie

_____
Christopher Cozzone

*Constituting all of the Directors of the Board of Directors of Sustainable Restaurant Holdings, Inc.*

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

By: _____
    Name:
    Title:

*Constituting the sole Member of Bamboo Sushi, LLC, SRG Operations, LLC and Quickfish LLC*

**QUICKFISH LLC**

By: _____
    Name:
    Title:

*Constituting the sole Member of the Quickfish Restaurants, as listed herein on Schedule A*

**BAMBOO SUSHI, LLC**

By: _____

Name: MATTHEW PARKER

Title: PRESIDENT + INTERIM CEO

*Constituting the sole Member of the Bamboo Restaurants, as listed herein on* <u>*Schedule B*</u>

**SCHEDULE A**

**Quickfish Restaurants**

1. Quickfish Pearl District LLC, an Oregon limited liability company
2. Quickfish SW Stark, LLC, an Oregon limited liability company
3. Quickfish Slabtown LLC, an Oregon limited liability company

## SCHEDULE B

## Bamboo Restaurants

1.  Bamboo Sushi Embarcadero SF LLC, a Delaware limited liability company
2.  Bamboo Sushi NE Alberta, LLC, an Oregon limited liability company
3.  Bamboo Sushi Bishop Ranch, LLC, a Delaware limited liability company
4.  Bamboo Sushi Lake Oswego, LLC, an Oregon limed liability company
5.  Bamboo Sushi SW 12th, LLC, an Oregon limited liability company
6.  Bamboo Sushi Commissary Kitchen, LLC, an Oregon limited liability company
7.  Bamboo Sushi Biltmore Phoenix, LLC, a Delaware limited liability company
8.  Bamboo Sushi NW 23rd, LLC, an Oregon limited liability company
9.  Bamboo Sushi Valley Fair, LLC, a Delaware limited liability company
10. Bamboo Sushi Washington Square, LLC, an Oregon limited liability company
11. Bamboo Sushi U Village Seattle, LLC, a Washington limited liability company
12. Bamboo Sushi Avanti, LLC, an Oregon limited liability company
13. Bamboo Sushi Seattle Cap Hill, LLC, an Oregon limited liability company
14. Bamboo Sushi Denver Lo-Hi, LLC, an Oregon limited liability company
15. Bamboo Sushi Kierland Scottsdale, LLC, a Delaware limited liability company

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

**AND SUBSIDIARIES**

**JOINT RESOLUTIONS OF**

**THE BOARD AND MEMBERS**

May  10 , 2020

The undersigned, being (i) all of the non-interested directors of the board of directors (the "Board"), of **Sustainable Restaurant Holdings, Inc.**, a Delaware corporation ("Holdings"), (ii) Holdings, as the sole member of each of (x) **Quickfish LLC**, an Oregon limited liability company ("Quickfish"), (y) **Bamboo Sushi, LLC**, an Oregon limited liability company ("Bamboo", and collectively with Holdings and Quickfish, the "Members"), and (z) **SRG Operations, LLC** (dba Sustainable Restaurant Group), an Oregon limited liability company ("SRG"), (iii) Quickfish, as the sole member of each of the entities listed on Schedule A attached hereto (the "Quickfish Restaurants"), and (iv) Bamboo, as the sole member of each of the entities listed on Schedule B attached hereto (the "Bamboo Restaurants", together with Holdings, Bamboo, Quickfish, SRG, and the Quickfish Restaurants, the "Companies"), at a special meeting of the Board and the Members, have taken the following actions and adopted the following resolutions in accordance with the Bylaws of Holdings, Section 141(i) of the Delaware General Corporation Law, Section 2017 ORS 63.130(5) of the Oregon Limited Liability Company Act and Section 18-302(c) of the Delaware Limited Liability Act, as applicable, and the operating agreements of each of Quickfish, Bamboo, SRG, the Quickfish Restaurants and the Bamboo Restaurants, as applicable, effective as of the date set forth above:

**Debtor-In-Possession Financing and Adequate Protection**

**WHEREAS**, the members of the Board are aware that each of Cecilia Chao and Christopher Cozzone are members of the board of directors of Holdings and are affiliated with and/or have a financial interest in one or more of the DIP Lenders (as defined herein);

**WHEREAS**, each of the members of the Board and each of the Members was aware of the material facts related to the DIP Financing (as defined herein) and had an adequate opportunity to ask questions regarding, and investigate the nature of, the relationships and/or interests described above in connection with the DIP Financing;

**WHEREAS**, the members of the Board and each of the Members agree that it is in the best interest of the Companies for directors Cecilia Chao and Christopher Cozzone to recuse themselves from any decisions pertaining to the DIP Financing or the DIP Lenders;

**WHEREAS**, directors Cecilia Chao and Christopher Cozzone so agreed to recuse themselves from the Board with respect to any such decisions pertaining to the DIP Financing or the DIP Lenders;

**WHEREAS**, the non-interested directors of the Board and the Members have reviewed, evaluated and discussed (i) the material facts, terms and conditions of the DIP Financing, (ii) the

rights and obligations of the Companies, the Board, the stockholders of the Holdings, the Members and other parties in connection therewith, (iii) the costs, obligations, requirements (financial or otherwise) and other factors and considerations required to consummate the DIP Financing, and (iv) the Companies' financing objectives and financial situation, and, on the basis of such reasonable inquiry and investigation, believes that the DIP Financing is appropriate for, in the best interests of, and advisable, just and reasonable to the Companies

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that each of the Companies will obtain benefits from certain debtor-in-possession financing (the "<u>DIP Financing</u>") provided by Bain Capital Double Impact Fund, LP ("<u>Bain</u>"), BCIP Double Impact Associates, L.P. ("<u>BCIP</u>") and Kitchen Fund, L.P. ("<u>Kitchen</u>", together with Bain and BCIP, the "<u>DIP Lenders</u>") on substantially the terms and conditions as reviewed by the disinterested directors and Members; and it is

**FURTHER RESOLVED**, that the Board and the Members agree that it is in the best interest of the Companies that any duly appointed officer of the Companies, (collectively, including, but not limited to, the Chief Executive Officer, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers shall execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and take any and all action that he or she deems necessary or proper to obtain such DIP Financing; and it is

**FURTHER RESOLVED**, that in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the DIP Lenders (the "<u>Adequate Protection Obligations</u>"), as documented in a proposed interim order (the "<u>Interim DIP Order</u>") and submitted for approval in a bankruptcy court of proper jurisdiction; and it is

**FURTHER RESOLVED**, that in the business judgment of the Board and the Members, it is desirable and in the best interests of the Companies, their respective stakeholders, creditors, and other parties in interest, for the Companies to enter into a certain new debtor-in-possession term sheet agreement with the DIP Lenders, in substantially the form reviewed by the disinterested directors and Members (the "<u>DIP Credit Agreement</u>"); and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement (including the borrowing of money, granting of liens on substantially all assets of the Companies, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Credit Agreement, collectively, the "<u>DIP Credit Agreement Documents</u>") be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement Documents, and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board and the Members, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, objections, replies, or other papers or documents to which any of the Companies is or will be a party, including, but not limited to, any term sheet, credit agreement, security and pledge agreement, or guaranty agreement (collectively with the Interim DIP Order and the DIP Credit Agreement Documents, the "DIP Documents"), and incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board and the Members, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and it is

**FURTHER RESOLVED**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and certain secured claims pursuant to the DIP Credit Agreement Documents (the "DIP Obligations") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Credit Agreement Documents (collectively, the "Adequate Protection Transactions"); and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Companies be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent (as defined in the DIP Credit Agreement); and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agent

may reasonably request to perfect the security interests of the Agent under the DIP Documents; and it is

**FURTHER RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions; and it is

### General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the Board and the Members have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and it is

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board and the Members; and it is

**FURTHER RESOLVED**, that facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

[SIGNATURES FOLLOW]

**IN WITNESS WHEREOF**, the undersigned have executed this Joint Resolution of the Board and of the Members effective as of the day and year first written above.

**BOARD OF DIRECTORS OF HOLDINGS:**

_____

Matthew Park

_____

Pamela B. Corrie

*Constituting all of the non-interested Directors of the Board of Directors of Sustainable Restaurant Holdings, Inc.*

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

By: _____

Name: Matthew Park

Title: President + Interim CEO

*Constituting the sole Member of Bamboo Sushi, LLC, SRG Operations, LLC and Quickfish LLC*

**QUICKFISH LLC**

By: _____

Name: Matthew Park

Title: President + Interim CEO

*Constituting the sole Member of the Quickfish Restaurants, as listed herein on _Schedule A_*

**IN WITNESS WHEREOF**, the undersigned have executed this Joint Resolution of the Board and of the Members effective as of the day and year first written above.

**BOARD OF DIRECTORS OF HOLDINGS:**

_____
Matthew Park

_Pamela B. Corrie_ _(signature)_
Pamela B. Corrie

*Constituting all of the non-interested Directors of the Board of Directors of Sustainable Restaurant Holdings, Inc.*

**SUSTAINABLE RESTAURANT HOLDINGS, INC.**

By: _____
    Name:
    Title:

*Constituting the sole Member of Bamboo Sushi, LLC, SRG Operations, LLC and Quickfish LLC*

**QUICKFISH LLC**

By: _____
    Name:
    Title:

*Constituting the sole Member of the Quickfish Restaurants, as listed herein on Schedule A*

**BAMBOO SUSHI, LLC**

By: _____

Name: MATTHEW PARR

Title: PRESIDENT + INTERIM COO

*Constituting the sole Member of the Bamboo Restaurants, as listed herein on* **Schedule B**

## SCHEDULE A

### Quickfish Restaurants

1.  Quickfish Pearl District LLC, an Oregon limited liability company
2.  Quickfish SW Stark, LLC, an Oregon limited liability company
3.  Quickfish Slabtown LLC, an Oregon limited liability company

## SCHEDULE B

## Bamboo Restaurants

1.  Bamboo Sushi Embarcadero SF LLC, a Delaware limited liability company
2.  Bamboo Sushi NE Alberta, LLC, an Oregon limited liability company
3.  Bamboo Sushi Bishop Ranch, LLC, a Delaware limited liability company
4.  Bamboo Sushi Lake Oswego, LLC, an Oregon limed liability company
5.  Bamboo Sushi SW 12th, LLC, an Oregon limited liability company
6.  Bamboo Sushi Commissary Kitchen, LLC, an Oregon limited liability company
7.  Bamboo Sushi Biltmore Phoenix, LLC, a Delaware limited liability company
8.  Bamboo Sushi NW 23rd, LLC, an Oregon limited liability company
9.  Bamboo Sushi Valley Fair, LLC, a Delaware limited liability company
10. Bamboo Sushi Washington Square, LLC, an Oregon limited liability company
11. Bamboo Sushi U Village Seattle, LLC, a Washington limited liability company
12. Bamboo Sushi Avanti, LLC, an Oregon limited liability company
13. Bamboo Sushi Seattle Cap Hill, LLC, an Oregon limited liability company
14. Bamboo Sushi Denver Lo-Hi, LLC, an Oregon limited liability company
15. Bamboo Sushi Kierland Scottsdale, LLC, a Delaware limited liability company

Form **1120**

Department of the Treasury
Internal Revenue Service

## U.S. Corporation Income Tax Return

For calendar year 2018 or tax year beginning **JANUARY 3, 2018**, ending **JANUARY 1, 2019**

**EXTENSION GRANTED TO 10/15/19**

▶ Go to www.irs.gov/Form1120 for instructions and the latest information.

OMB No. 1545-0123

**2018**

**A Check if:**
1a Consolidated return (attach Form 851) ☒
b Life/nonlife consolidated return ☐
2 Personal holding co. (attach Sch. PH) ☐
3 Personal service corp. (see instructions) ☐
4 Schedule M-3 attached ☐

TYPE
OR
PRINT

Name **SUSTAINABLE RESTAURANT HOLDINGS, INC. AND SUBSIDIARIES**

Number, street, and room or suite no. If a P.O. box, see instructions. **PO BOX 3347**

City or town, state or province, country, and ZIP or foreign postal code **PORTLAND, OR 97208**

**B** Employer identification number
**82-3676430**

**C** Date incorporated
**12/12/2017**

**D** Total assets (see instructions)
$ **6,907,315.**

**E Check if:** (1) ☐ Initial return  (2) ☐ Final return  (3) ☐ Name change  (4) ☐ Address change

| | | | | |
|---|---|---|---|---|
| **Income** | 1a Gross receipts or sales | 1a | 15,853,348. | |
| | b Returns and allowances | 1b | 574,183. | |
| | c Balance. Subtract line 1b from line 1a | | 1c | 15,279,165. |
| | 2 Cost of goods sold (attach Form 1125-A) | | 2 | 8,184,393. |
| | 3 Gross profit. Subtract line 2 from line 1c | | 3 | 7,094,772. |
| | 4 Dividends and inclusions (Schedule C, line 23, column (a)) | | 4 | |
| | 5 Interest | | 5 | |
| | 6 Gross rents | | 6 | |
| | 7 Gross royalties | | 7 | |
| | 8 Capital gain net income (attach Schedule D (Form 1120)) | | 8 | |
| | 9 Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | | 9 | -1,572. |
| | 10 Other income (attach statement) SEE CONSOLIDATED INCOME AND DEDUCTIONS | | 10 | 301,709. |
| | 11 **Total income.** Add lines 3 through 10 ▶ | | 11 | 7,394,909. |
| **Deductions (See instructions for limitations on deductions.)** | 12 Compensation of officers (attach Form 1125-E) | | 12 | 393,066. |
| | 13 Salaries and wages (less employment credits) | | 13 | 2,918,854. |
| | 14 Repairs and maintenance | | 14 | 210,303. |
| | 15 Bad debts | | 15 | 7,924. |
| | 16 Rents | | 16 | 697,142. |
| | 17 Taxes and licenses | | 17 | 788,293. |
| | 18 Interest (see instructions) | | 18 | 75,501. |
| | 19 Charitable contributions | | 19 | |
| | 20 Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | | 20 | 892,533. |
| | 21 Depletion | | 21 | |
| | 22 Advertising | | 22 | 482,893. |
| | 23 Pension, profit-sharing, etc., plans | | 23 | |
| | 24 Employee benefit programs | | 24 | 563,316. |
| | 25 Reserved for future use | | 25 | |
| | 26 Other deductions (attach statement) SEE CONSOLIDATED INCOME AND DEDUCTIONS | | 26 | 3,463,596. |
| | 27 **Total deductions.** Add lines 12 through 26 ▶ | | 27 | 10,493,421. |
| | 28 Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | | 28 | -3,098,512. |
| | 29a Net operating loss deduction (see instructions) | 29a | 0. | |
| | b Special deductions (Schedule C, line 24, column (c)) | 29b | | |
| | c Add lines 29a and 29b | | 29c | |
| **Tax, Refundable Credits, and Payments** | 30 **Taxable income.** Subtract line 29c from line 28. See instructions | | 30 | -3,098,512. |
| | 31 Total tax (Schedule J, Part I, line 11) | | 31 | 0. |
| | 32 2018 net 965 tax liability paid (Schedule J, Part II, line 12) | | 32 | |
| | 33 Total payments, credits, and section 965 net tax liability (Schedule J, Part III, line 23) | | 33 | |
| | 34 Estimated tax penalty. See instructions. Check if Form 2220 is attached ▶ ☐ | | 34 | |
| | 35 **Amount owed.** If line 33 is smaller than the total of lines 31, 32, and 34, enter amount owed | | 35 | 0. |
| | 36 **Overpayment.** If line 33 is larger than the total of lines 31, 32, and 34, enter amount overpaid | | 36 | |
| | 37 Enter amount from line 36 you want: Credited to 2019 estimated tax ▶      Refunded ▶ | | 37 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ _____ Signature of officer    Date

▶ **PRESIDENT** Title

May the IRS discuss this return with the preparer shown below? ☒ Yes ☐ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| ROBERT A. BERRY | ROBERT A. BERRY | 12/18/19 | | P00203574 |

Firm's name ▶ **COHNREZNICK LLP**

Firm's EIN ▶ **22-1478099**

Firm's address ▶ **21600 OXNARD STREET, SUITE 700 WOODLAND HILLS, CA 91367**

Phone no. **818-205-2600**

811601 01-04-19

JWA    For Paperwork Reduction Act Notice, see separate instructions.

Form **1120** (2018)

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 1120 (2018)   SUSTAINABLE RESTAURANT HOLDINGS, INC. AN   82-3676430   Page **2**

| Schedule C | Dividends, Inclusions, and Special Deductions (see instructions) | (a) Dividends and inclusions | (b) % | (c) Special deductions (a) x (b) |
|---|---|---|---|---|
| 1 | Dividends from less-than-20%-owned domestic corporations (other than debt-financed stock) | | 50 | |
| 2 | Dividends from 20%-or-more-owned domestic corporations (other than debt-financed stock) | | 65 | |
| 3 | Dividends on certain debt-financed stock of domestic and foreign corporations | | see instructions | |
| 4 | Dividends on certain preferred stock of less-than-20%-owned public utilities | | 23.3 | |
| 5 | Dividends on certain preferred stock of 20%-or-more-owned public utilities | | 26.7 | |
| 6 | Dividends from less-than-20%-owned foreign corporations and certain FSCs | | 50 | |
| 7 | Dividends from 20%-or-more-owned foreign corporations and certain FSCs | | 65 | |
| 8 | Dividends from wholly owned foreign subsidiaries | | 100 | |
| 9 | **Subtotal.** Add lines 1 through 8 | | see instructions | |
| 10 | Dividends from domestic corporations received by a small business investment company operating under the Small Business Investment Act of 1958 | | 100 | |
| 11 | Dividends from affiliated group members | | 100 | |
| 12 | Dividends from certain FSCs | | 100 | |
| 13 | Foreign-source portion of dividends received from a specified 10%-owned foreign corporation (excluding hybrid dividends) (see instructions) | | 100 | |
| 14 | Dividends from foreign corporations not included on line 3, 6, 7, 8, 11, 12, or 13 (including any hybrid dividends) | | | |
| 15 | Section 965(a) inclusion | | see instructions | |
| 16a | Subpart F inclusions derived from the sale by a controlled foreign corporation (CFC) of the stock of a lower-tier foreign corporation treated as a dividend (attach Form(s) 5471) (see instructions) | | 100 | |
| b | Subpart F inclusions derived from hybrid dividends of tiered corporations (attach Form(s) 5471) (see instructions) | | | |
| c | Other inclusions from CFCs under subpart F not included on line 15, 16a, 16b, or 17 (attach Form(s) 5471) (see instructions) | | | |
| 17 | Global intangible Low-Taxed income (GILTI) (attach Form(s) 5471 and Form 8992) | | | |
| 18 | Gross-up for foreign taxes deemed paid | | | |
| 19 | IC -DISC and former DISC dividends not included on line 1, 2, or 3 | | | |
| 20 | Other dividends | | | |
| 21 | Deduction for dividends paid on certain preferred stock of public utilities | | | |
| 22 | Section 250 deduction (attach Form 8993) | | | |
| 23 | **Total dividends and inclusions.** Add lines 9 through 20. Enter here and on page 1, line 4 | | | |
| 24 | **Total special deductions.** Add lines 9 through 22, column (c). Enter here and on page 1, line 29b | | | |

Form **1120** (2018)

811611
01-04-19   JWA

3

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 1120 (2018)  SUSTAINABLE RESTAURANT HOLDINGS, INC. AN                82-3676430  Page **3**

| Schedule J | Tax Computation and Payment (see instructions) |
|---|---|

**Part I - Tax Computation**

| | | | |
|---|---|---:|---:|
| 1 | Check if the corporation is a member of a controlled group (attach Schedule O (Form 1120)) ▶ ☐ | | |
| 2 | Income tax. See instructions | 2 | 0. |
| 3 | Base erosion minimum tax (attach Form 8991) | 3 | |
| 4 | Add lines 2 and 3 | 4 | 0. |
| 5a | Foreign tax credit (attach Form 1118) | 5a | |
| b | Credit from Form 8834 (see instructions) | 5b | |
| c | General business credit (attach Form 3800) | 5c | |
| d | Credit for prior year minimum tax (attach Form 8827) | 5d | |
| e | Bond credits from Form 8912 | 5e | |
| 6 | **Total credits.** Add lines 5a through 5e | 6 | |
| 7 | Subtract line 6 from line 4 | 7 | 0. |
| 8 | Personal holding company tax (attach Schedule PH (Form 1120)) | 8 | |
| 9a | Recapture of investment credit (attach Form 4255) | 9a | |
| b | Recapture of low-income housing credit (attach Form 8611) | 9b | |
| c | Interest due under the look-back method-completed long-term contracts (attach Form 8697) | 9c | |
| d | Interest due under the look-back method-income forecast method (attach Form 8866) | 9d | |
| e | Alternative tax on qualifying shipping activities (attach Form 8902) | 9e | |
| f | Other (see instructions - attach statement) | 9f | |
| 10 | **Total.** Add lines 9a through 9f | 10 | |
| 11 | **Total tax.** Add lines 7, 8, and 10. Enter here and on page 1, line 31 | 11 | 0. |

**Part II - Section 965 Payments** (see instructions)

| | | | |
|---|---|---:|---:|
| 12 | 2018 net 965 tax liability paid from Form 965-B, Part II, column (k), line 2. Enter here and on page 1, line 32 | 12 | |

**Part III - Payments, Refundable Credits, and Section 965 Net Tax Liability**

| | | | |
|---|---|---:|---:|
| 13 | 2017 overpayment credited to 2018 | 13 | |
| 14 | 2018 estimated tax payments | 14 | |
| 15 | 2018 refund applied for on Form 4466 | 15 | ( ) |
| 16 | Combine lines 13, 14, and 15 | 16 | |
| 17 | Tax deposited with Form 7004 | 17 | |
| 18 | Withholding (see instructions) | 18 | |
| 19 | **Total payments.** Add lines 16, 17, and 18 | 19 | |
| 20 | Refundable credits from: | | |
| a | Form 2439 | 20a | |
| b | Form 4136 | 20b | |
| c | Form 8827, line 8c | 20c | |
| d | Other (attach statement - see instructions) | 20d | |
| 21 | **Total credits.** Add lines 20a through 20d | 21 | |
| 22 | 2018 net 965 tax liability from Form 965-B, Part I, column (d), line 2. See instructions | 22 | |
| 23 | **Total payments, credits, and section 965 net tax liability.** Add lines 19 and 21, and 22. Enter here and on page 1, line 33 | 23 | |

Form **1120** (2018)

811621
01-04-19    JWA

4

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 1120 (2018)   SUSTAINABLE RESTAURANT HOLDINGS, INC. AN          82-3676430  Page **4**

| **Schedule K** | **Other Information** (see instructions) | | | Yes | No |
|---|---|---|---|---|---|

**1** Check accounting method: **a** ☐ Cash  **b** ☒ Accrual  **c** ☐ Other (specify) ▶ _____

**2** See the instructions and enter the:

**a** Business activity code no. ▶ 722511

**b** Business activity ▶ FULL SERVICE RESTAUR

**c** Product or service ▶ RESTAURANT

**3** Is the corporation a subsidiary in an affiliated group or a parent-subsidiary controlled group? ............ **No: X**

If "Yes," enter name and EIN of the parent corporation ▶ _____

**4** At the end of the tax year:

**a** Did any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part I of Schedule G (Form 1120) (attach Schedule G) ............ **No: X**

**b** Did any individual or estate own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote? If "Yes," complete Part II of Schedule G (Form 1120) (attach Schedule G) ............ **Yes: X**

**5** At the end of the tax year, did the corporation:

**a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total voting power of all classes of stock entitled to vote of any foreign or domestic corporation not included on **Form 851**, Affiliations Schedule? For rules of constructive ownership, see instructions ............ **Yes: X**

If "Yes," complete (i) through (iv) below.

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions ............ **No: X**

If "Yes," complete (i) through (iv) below.

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Country of Organization | (iv) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|
| | | | |
| | | | |

**6** During this tax year, did the corporation pay dividends (other than stock dividends and distributions in exchange for stock) in excess of the corporation's current and accumulated earnings and profits? See sections 301 and 316 ............ **No: X**

If "Yes," file **Form 5452,** Corporate Report of Nondividend Distributions. See the instructions for Form 5452.

If this is a consolidated return, answer here for the parent corporation and on Form 851 for each subsidiary.

**7** At any time during the tax year, did one foreign person own, directly or indirectly, at least 25% of the total voting power of all classes of the corporation's stock entitled to vote or at least 25% of the total value of all classes of the corporation's stock? ............ **No: X**

For rules of attribution, see section 318. If "Yes," enter:

**(a)** Percentage owned ▶ _____  and **(b)** Owner's country ▶ _____

**(c)** The corporation may have to file **Form 5472,** Information Return of a 25% Foreign-Owned U.S. Corporation or a Foreign Corporation Engaged in a U.S. Trade or Business. Enter the number of Forms 5472 attached ▶ _____

**8** Check this box if the corporation issued publicly offered debt instruments with original issue discount ............ ▶ ☐

If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments.

**9** Enter the amount of tax-exempt interest received or accrued during the tax year ▶ $ _____

**10** Enter the number of shareholders at the end of the tax year (if 100 or fewer) ▶ 20

**11** If the corporation has an NOL for the tax year and is electing to forego the carryback period, check here ............ ▶ ☒

If the corporation is filing a consolidated return, the statement required by Regulations section 1.1502-21(b)(3) must be attached or the election will not be valid.

**12** Enter the available NOL carryover from prior tax years (do not reduce it by any deduction reported on page 1, line 29a.) ▶ $ 155,637.

Form **1120** (2018)

811632
01-04-19   JWA

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 1120 (2018)   SUSTAINABLE RESTAURANT HOLDINGS, INC. AN                 82-3676430   Page **5**

| **Schedule K** | **Other Information** (continued form page 4) | | |
|---|---|---|---|

| | | Yes | No |
|---|---|---|---|
| **13** | Are the corporation's total receipts (page 1, line 1a, plus lines 4 through 10) for the tax year **and** its total assets at the end of the tax year less than $250,000? | | X |
| | If "Yes," the corporation is not required to complete Schedules L, M-1, and M-2. Instead, enter the total amount of cash distributions and the book value of property distributions (other than cash) made during the tax year ▶ $ | | |
| **14** | Is the corporation required to file Schedule UTP (Form 1120), Uncertain Tax Position Statement? See instructions | | X |
| | If "Yes," complete and attach Schedule UTP. | | |
| **15a** | Did the corporation make any payments in 2018 that would require it to file Form(s) 1099? | X | |
| **b** | If "Yes," did or will the corporation file required Forms 1099? | X | |
| **16** | During this tax year, did the corporation have an 80% or more change in ownership, including a change due to redemption of its own stock? | | X |
| **17** | During or subsequent to this tax year, but before the filing of this return, did the corporation dispose of more than 65% (by value) of its assets in a taxable, non-taxable, or tax deferred transaction? | | X |
| **18** | Did the corporation receive assets in a section 351 transfer in which any of the transferred assets had a fair market basis or fair market value of more than $1 million? | | X |
| **19** | During the corporation's tax year, did the corporation make any payments that would require it to file Forms 1042 and 1042-S under chapter 3 (sections 1441 through 1464) or chapter 4 (sections 1471 through 1474) of the Code? | | X |
| **20** | Is the corporation operating on a cooperative basis? | | X |
| **21** | During the tax year, did the corporation pay or accrue any interest or royalty for which the deduction is not allowed under section 267A? See instructions | | X |
| | If "Yes," enter the total amount of the disallowed deductions ▶ $ | | |
| **22** | Does the corporation have gross receipts of at least $500 million in any of the 3 preceding tax years? (See sections 59A(e)(2) and (3)) | | X |
| | If "Yes," complete and attach Form 8991. | | |
| **23** | Did the corporation have an election under section 163(j) for any real property trade or business or any farming business in effect during the tax year? See instructions | | X |
| **24** | Does the corporation satisfy **one** of the following conditions and the corporation does not own a pass-through entity with current year, or prior year carryover, excess business interest expense? See instructions | X | |
| **a** | The corporation's aggregate average annual gross receipts (determined under section 448(c)) for the 3 tax years preceding the current tax year do not exceed $25 million, and the corporation is not a tax shelter, or | | |
| **b** | The corporation only has business interest expense from (1) an electing real property trade or business, (2) an electing farming business, or (3) certain utility businesses under section 163(j)(7). | | |
| | If "No," complete and attach Form 8990. | | |
| **25** | Is the corporation attaching Form 8996 to certify as a Qualified Opportunity Fund? | | X |
| | If "Yes," enter amount from Form 8996, line 13 ........... ▶ $ | | |

Form **1120** (2018)

811633
01-04-19   JWA

6

Form 1120 (2018)  SUSTAINABLE RESTAURANT HOLDINGS, INC. AN                    82-3676430   Page **6**

## Schedule L — Balance Sheets per Books

| Assets | Beginning of tax year (a) | (b) | End of tax year (c) | (d) |
|---|---|---|---|---|
| 1 Cash | | 1,070,735. | | 761,580. |
| 2a Trade notes and accounts receivable | 19,122. | | 61,333. | |
| b Less allowance for bad debts | ( ) | 19,122. | ( ) | 61,333. |
| 3 Inventories | | 108,054. | | 95,498. |
| 4 U.S. government obligations | SEE | | SEE | |
| 5 Tax-exempt securities | STATEMENT OF | | STATEMENT OF | |
| 6 Other current assets (att. stmt.) | CONSOLIDATED | 29,872. | CONSOLIDATED | 91,781. |
| 7 Loans to shareholders | BEGINNING | | ENDING | 253,160. |
| 8 Mortgage and real estate loans | BALANCE SHEET | | BALANCE SHEET | |
| 9 Other investments (att. stmt.) | | | | |
| 10a Buildings and other depreciable assets | 4,785,836. | | 7,099,852. | |
| b Less accumulated depreciation | ( 1,071,696.) | 3,714,140. | ( 1,644,811.) | 5,455,041. |
| 11a Depletable assets | | | | |
| b Less accumulated depletion | ( ) | | ( ) | |
| 12 Land (net of any amortization) | | | | |
| 13a Intangible assets (amortizable only) | 151,875. | | 11,000. | |
| b Less accumulated amortization | ( 9,551.) | 142,324. | ( 4,913.) | 6,087. |
| 14 Other assets (att. stmt.) | | 227,246. | | 182,835. |
| 15 Total assets | | 5,311,493. | | 6,907,315. |
| **Liabilities and Shareholders' Equity** | | | | |
| 16 Accounts payable | | 664,469. | | 175,980. |
| 17 Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 Other current liabilities (att. stmt.) | | 542,332. | | 536,855. |
| 19 Loans from shareholders | | 650,000. | | |
| 20 Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 Other liabilities (att. stmt.) | | 4,022,748. | | 584,314. |
| 22 Capital stock: a Preferred stock | | | 124. | |
| b Common stock | | | 250. | 374. |
| 23 Additional paid-in capital | | 451,127. | | 9,862,373. |
| 24 Retained earnings - Appropriated (attach statement) | | | | |
| 25 Retained earnings - Unappropriated | | -1,019,183. | | -4,252,581. |
| 26 Adjustments to shareholders' equity (attach statement) | | | | |
| 27 Less cost of treasury stock | | ( ) | | ( ) |
| 28 Total liabilities and shareholders' equity | | 5,311,493. | | 6,907,315. |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income per Return

**Note:** The corporation may be required to file Schedule M-3. See instructions.

| | | | | | |
|---|---|---|---|---|---|
| 1 Net income (loss) per books | | -3,236,310. | 7 Income recorded on books this year not included on this return (itemize): | | |
| 2 Federal income tax per books | | | Tax-exempt interest $ | 41,317. | |
| 3 Excess of capital losses over capital gains | | | | | 41,317. |
| 4 Income subject to tax not recorded on books this year (itemize): | | 175,460. | 8 Deductions on this return not charged against book income this year (itemize): | | |
| 5 Expenses recorded on books this year not deducted on this return (itemize): | | | a Depreciation $ | 294,715. | |
| a Depreciation $ | | | b Charitable contributions $ | | |
| b Charitable contributions $ 36,952. | | | | 235,914. | 530,629. |
| c Travel and entertainment $ 23,293. | | | | | |
| | 474,039. | 534,284. | 9 Add lines 7 and 8 | | 571,946. |
| 6 Add lines 1 through 5 | | -2,526,566. | 10 Income (page 1, line 28) - line 6 less line 9 | | -3,098,512. |

## Schedule M-2 — Analysis of Unappropriated Retained Earnings per Books (Line 25, Schedule L)

| | | | | | |
|---|---|---|---|---|---|
| 1 Balance at beginning of year | | -1,019,183. | 5 Distributions: a Cash | | |
| 2 Net income (loss) per books | | -3,236,310. | b Stock | | |
| 3 Other increases (itemize): | | | c Property | | |
| | | | 6 Other decreases (itemize) : | | |
| | | 2,912. | 7 Add lines 5 and 6 | | |
| 4 Add lines 1, 2, and 3 | | -4,252,581. | 8 Balance at end of year (line 4 less line 7) | | -4,252,581. |

811631
01-04-19   JWA                        SEE CONSOLIDATED SCHEDULES M-1 AND M-2                Form **1120** (2018)

7

16341218 147227 0159267-0307543.CSUB  2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form **1125-A**

(Rev. November 2018)

Department of the Treasury
Internal Revenue Service

# Cost of Goods Sold

▶ **Attach to Form 1120, 1120-C, 1120-F, 1120S, or 1065.**

▶ **Go to www.irs.gov/Form1125A for the latest information.**

OMB No. 1545-0123

Name **SUSTAINABLE RESTAURANT HOLDINGS, INC. AND SUBSIDIARIES**

Employer Identification number **82-3676430**

| | | | |
|---|---|---|---|
| 1 | Inventory at beginning of year | 1 | 108,054. |
| 2 | Purchases | 2 | 3,938,922. |
| 3 | Cost of labor | 3 | 4,205,701. |
| 4 | Additional section 263A costs (attach schedule) | 4 | 0. |
| 5 | Other costs (attach schedule) | 5 | 27,214. |
| 6 | **Total.** Add lines 1 through 5 | 6 | 8,279,891. |
| 7 | Inventory at end of year | 7 | 95,498. |
| 8 | **Cost of goods sold.** Subtract line 7 from line 6. Enter here and on Form 1120, page 1, line 2 or the appropriate line of your tax return. See instructions | 8 | 8,184,393. |

**9 a** Check all methods used for valuing closing inventory:

(i) ☐ Cost

(ii) ☒ Lower of cost or market

(iii) ☐ Other (Specify method used and attach explanation) ▶ _____

**b** Check if there was a writedown of subnormal goods ............................................................ ▶ ☐

**c** Check if the LIFO inventory method was adopted this tax year for any goods (if checked, attach Form 970) .......... ▶ ☐

**d** If the LIFO inventory method was used for this tax year, enter amount of closing inventory computed under LIFO .... **9d**

**e** If property is produced or acquired for resale, do the rules of Section 263A apply to the entity? See instructions ............ ☐ Yes ☒ No

**f** Was there any change in determining quantities, cost, or valuations between opening and closing inventory? ............ ☐ Yes ☒ No

If "Yes," attach explanation.

**For Paperwork Reduction Act Notice, see separate instructions.**

Form **1125-A** (Rev. 11-2018)

824441
12-03-18   JWA

8

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

| | | |
|---|---|---|
| Form **3800** | **General Business Credit** | OMB No. 1545-0895 |

Form **3800**

Department of the Treasury
Internal Revenue Service   (99)

# General Business Credit

▶ Go to www.irs.gov/Form3800 for instructions and the latest information.

▶ You must attach all pages of Form 3800, pages 1, 2, and 3, to your tax return.

OMB No. 1545-0895

**2018**

Attachment
Sequence No. **22**

Name(s) shown on return

SUSTAINABLE RESTAURANT HOLDINGS, INC.
AND SUBSIDIARIES

Identifying number

82-3676430

| Part I | **Current Year Credit for Credits Not Allowed Against Tentative Minimum Tax (TMT)** | | | |
|---|---|---|---|---|
| | (See instructions and complete Part(s) III before Parts I and II.) | | | |
| 1 | General business credit from line 2 of all Parts III with box A checked | | **1** | 0. |
| 2 | Passive activity credits from line 2 of all Parts III with box B checked | **2** | | |
| 3 | Enter the applicable passive activity credits allowed for 2018. See instructions | | **3** | |
| 4 | Carryforward of general business credit to 2018. Enter the amount from line 2 of Part III with box C checked. See instructions for statement to attach | | **4** | |
| 5 | Carryback of general business credit from 2019. Enter the amount from line 2 of Part III with box D checked | | **5** | |
| 6 | Add lines 1, 3, 4, and 5 | | **6** | |

| Part II | **Allowable Credit** | | | |
|---|---|---|---|---|
| 7 | Regular tax before credits: | | | |
| | • Individuals. Enter the sum of the amounts from Form 1040, line 11a, and Schedule 2 (Form 1040), line 46, or the sum of the amounts from Form 1040NR, lines 42 and 44 | | | |
| | • Corporations. Enter the amount from Form 1120, Schedule J, Part I, line 2; or the applicable line of your return | | **7** | 0. |
| | • Estates and trusts. Enter the sum of the amounts from Form 1041, Schedule G, lines 1a and 1b; or the amount from the applicable line of your return | | | |
| 8 | Alternative minimum tax: | | | |
| | • Individuals. Enter the amount from Form 6251, line 11 | | | |
| | • Corporations. Enter -0- | | **8** | 0. |
| | • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 56 | | | |
| 9 | Add lines 7 and 8 | | **9** | 0. |
| 10a | Foreign tax credit | **10a** | | |
| b | Certain allowable credits (see instructions) | **10b** | | |
| c | Add lines 10a and 10b | | **10c** | |
| 11 | **Net income tax.** Subtract line 10c from line 9. If zero, skip lines 12 through 15 and enter -0- on line 16 | | **11** | 0. |
| 12 | **Net regular tax.** Subtract line 10c from line 7. If zero or less, enter -0- | **12** | 0. | |
| 13 | Enter 25% (0.25) of the excess, if any, of line 12 over $25,000. See instructions | **13** | | |
| 14 | Tentative minimum tax: | | | |
| | • Individuals. Enter the amount from Form 6251, line 9 | | | |
| | • Corporations. Enter -0- | **14** | | |
| | • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 54 | | | |
| 15 | Enter the greater of line 13 or line 14 | | **15** | |
| 16 | Subtract line 15 from line 11. If zero or less, enter -0- | | **16** | |
| 17 | Enter the **smaller** of line 6 or line 16 | | **17** | |
| | **C corporations:** See the line 17 instructions if there has been an ownership change, acquisition, or reorganization. | | | |

LHA   **For Paperwork Reduction Act Notice, see separate instructions.**

Form **3800** (2018)

814401 01-16-19

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 3800 (2018)   SUSTAINABLE RESTAURANT HOLDINGS, INC. AN     82-3676430   Page **2**

| **Part II** | **Allowable Credit** *(continued)* | | |
|---|---|---|---|

**Note:** If you are not required to report any amounts on line 22 or 24 below, skip lines 18 through 25 and enter -0- on line 26.

| | | | |
|---|---|---|---|
| 18 | Multiply line 14 by 75% (0.75). See instructions | **18** | |
| 19 | Enter the greater of line 13 or line 18 | **19** | |
| 20 | Subtract line 19 from line 11. If zero or less, enter -0- | **20** | |
| 21 | Subtract line 17 from line 20. If zero or less, enter -0- | **21** | |
| 22 | Combine the amounts from line 3 of all Parts III with box A, C, or D checked | **22** | |
| 23 | Passive activity credit from line 3 of all Parts III with box B checked ............ **23** | | |
| 24 | Enter the applicable passive activity credit allowed for 2018. See instructions | **24** | |
| 25 | Add lines 22 and 24 | **25** | |
| 26 | Empowerment zone and renewal community employment credit allowed. Enter the smaller of line 21 or line 25 | **26** | |
| 27 | Subtract line 13 from line 11. If zero or less, enter -0- | **27** | 0. |
| 28 | Add lines 17 and 26 | **28** | 0. |
| 29 | Subtract line 28 from line 27. If zero or less, enter -0- | **29** | 0. |
| 30 | Enter the general business credit from line 5 of all Parts III with box A checked | **30** | 216,286. |
| 31 | Reserved | **31** | |
| 32 | Passive activity credits from line 5 of all Parts III with box B checked ............ **32** | | |
| 33 | Enter the applicable passive activity credits allowed for 2018. See instructions | **33** | |
| 34 | Carryforward of business credit to 2018. Enter the amount from line 5 of Part III with box C checked and line 6 of Part III with box G checked. See instructions for statement to attach | **34** | 9,342. |
| 35 | Carryback of business credit from 2019. Enter the amount from line 5 of Part III with box D checked. See instructions | **35** | |
| 36 | Add lines 30, 33, 34, and 35 | **36** | 225,628. |
| 37 | Enter the **smaller** of line 29 or line 36 | **37** | 0. |
| 38 | **Credit allowed for the current year.** Add lines 28 and 37. Report the amount from line 38 (if smaller than the sum of Part I, line 6, and Part II, lines 25 and 36, see instructions) as indicated below or on the applicable line of your return. • Individuals. Schedule 3 (Form 1040), line 54, or Form 1040NR, line 51 .................... • Corporations. Form 1120, Schedule J, Part I, line 5c • Estates and trusts. Form 1041, Schedule G, line 2b ................................................ | **38** | 0. |

Form **3800** (2018)

Form 3800 (2018)        Page **3**

| Name(s) shown on return | | Identifying number |
|---|---|---|
| SUSTAINABLE RESTAURANT HOLDINGS, INC. AND SUBSIDIARIES | | 82-3676430 |

### Part III — General Business Credits or Eligible Small Business Credits (see instructions)

Complete a separate Part III for each box checked below. See instructions.

A [X] General Business Credit From a Non-Passive Activity     E ☐ Reserved

B ☐ General Business Credit From a Passive Activity     F ☐ Reserved

C ☐ General Business Credit Carryforwards     G ☐ Eligible Small Business Credit Carryforwards

D ☐ General Business Credit Carrybacks     H ☐ Reserved

I   If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all Parts III with box A or B checked. Check here if this is the consolidated Part III   ▶ ☐

**Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity.

| | **(a)** Description of credit | **(b)** If claiming the credit from a pass-through entity, enter the EIN | **(c)** Enter the appropriate amount |
|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) | | |
| b | Reserved | | |
| c | Increasing research activities (Form 6765) | | |
| d | Low-income housing (Form 8586, Part I only) | | |
| e | Disabled access (Form 8826) (see instructions for limitation) | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | | |
| g | Indian employment (Form 8845) | | |
| h | Orphan drug (Form 8820) | | |
| i | New markets (Form 8874) | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | | |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) | | |
| m | Low sulfur diesel fuel production (Form 8896) | | |
| n | Distilled spirits (Form 8906) | | |
| o | Nonconventional source fuel (carryforward only) | | |
| p | Energy efficient home (Form 8908) | | |
| q | Energy efficient appliance (carryforward only) | | |
| r | Alternative motor vehicle (Form 8910) | | |
| s | Alternative fuel vehicle refueling property (Form 8911) | | |
| t | Enhanced oil recovery credit (Form 8830) | | |
| u | Mine rescue team training (Form 8923) | | |
| v | Agricultural chemicals security (carryforward only) | | |
| w | Employer differential wage payments (Form 8932) | | |
| x | Carbon oxide sequestration (Form 8933) | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) | | |
| z | Qualified plug-in electric vehicle (carryforward only) | | |
| aa | Employee retention (Form 5884-A) | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I | | |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) | | |
| b | Work opportunity (Form 5884) | | |
| c | Biofuel producer (Form 6478) | | |
| d | Low-income housing (Form 8586, Part II) | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | | 216,286. |
| g | Qualified railroad track maintenance (Form 8900) | | |
| h | Small employer health insurance premiums (Form 8941) | | |
| i | Increasing research activities (Form 6765) | | |
| j | Employer credit for paid family and medical leave (Form 8994) | | |
| z | Other | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II | | 216,286. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | | 216,286. |

814403 01-16-19

11

Form **3800** (2018)

Form 3800 (2018)                                                                                          Page **3**

| Name(s) shown on return | Identifying number |
|---|---|
| SUSTAINABLE RESTAURANT HOLDINGS, INC. AND SUBSIDIARIES | 82-3676430 |

| **Part III** | **General Business Credits or Eligible Small Business Credits** (see instructions) |

Complete a separate Part III for each box checked below. See instructions.

A ☐ General Business Credit From a Non-Passive Activity     E ☐ Reserved

B ☐ General Business Credit From a Passive Activity     F ☐ Reserved

C ☒ General Business Credit Carryforwards     G ☐ Eligible Small Business Credit Carryforwards

D ☐ General Business Credit Carrybacks     H ☐ Reserved

I   If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all
Parts III with box A or B checked. Check here if this is the consolidated Part III ........................................ ▶ ☐

Note: On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity.

| (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) ............... **1a** | | |
| b | Reserved ................................................................. **1b** | | |
| c | Increasing research activities (Form 6765) .............................. **1c** | | |
| d | Low-income housing (Form 8586, Part I only) ............................ **1d** | | |
| e | Disabled access (Form 8826) (see instructions for limitation) ........... **1e** | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) **1f** | | |
| g | Indian employment (Form 8845) .......................................... **1g** | | |
| h | Orphan drug (Form 8820) ................................................ **1h** | | |
| i | New markets (Form 8874) ................................................ **1i** | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) **1j** | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) **1k** | | |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) ................. **1l** | | |
| m | Low sulfur diesel fuel production (Form 8896) ........................... **1m** | | |
| n | Distilled spirits (Form 8906) .......................................... **1n** | | |
| o | Nonconventional source fuel (carryforward only) ........................ **1o** | | |
| p | Energy efficient home (Form 8908) ...................................... **1p** | | |
| q | Energy efficient appliance (carryforward only) ......................... **1q** | | |
| r | Alternative motor vehicle (Form 8910) .................................. **1r** | | |
| s | Alternative fuel vehicle refueling property (Form 8911) ................ **1s** | | |
| t | Enhanced oil recovery credit (Form 8830) ............................... **1t** | | |
| u | Mine rescue team training (Form 8923) .................................. **1u** | | |
| v | Agricultural chemicals security (carryforward only) .................... **1v** | | |
| w | Employer differential wage payments (Form 8932) ........................ **1w** | | |
| x | Carbon oxide sequestration (Form 8933) ................................. **1x** | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) ............. **1y** | | |
| z | Qualified plug-in electric vehicle (carryforward only) ................. **1z** | | |
| aa | Employee retention (Form 5884-A) ...................................... **1aa** | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) ... **1bb** | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) **1zz** | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I ........ **2** | | |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II **3** | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) ................... **4a** | | |
| b | Work opportunity (Form 5884) .......................................... **4b** | | |
| c | Biofuel producer (Form 6478) .......................................... **4c** | | |
| d | Low-income housing (Form 8586, Part II) ............................... **4d** | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) **4e** | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) **4f** | | 9,342. |
| g | Qualified railroad track maintenance (Form 8900) ...................... **4g** | | |
| h | Small employer health insurance premiums (Form 8941) ................. **4h** | | |
| i | Increasing research activities (Form 6765) ............................ **4i** | | |
| j | Employer credit for paid family and medical leave (Form 8994) ......... **4j** | | |
| z | Other ................................................................. **4z** | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II .... **5** | | 9,342. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II **6** | | 9,342. |

814403 01-16-19

Form **3800** (2018)

16341218 147227 0159267-0307543.CSUB    2018.05010 SUSTAINABLE RESTAURANT HO 01592671

**SCHEDULE G**
**(Form 1120)**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Information on Certain Persons Owning the Corporation's Voting Stock

▶ **Attach to Form 1120.**

OMB No. 1545-0123

Name

SUSTAINABLE RESTAURANT HOLDINGS, INC.
AND SUBSIDIARIES

**Employer identification number (EIN)**

82-3676430

**Part I** **Certain Entities Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4a). Complete columns (i) through (v) below for any foreign or domestic corporation, partnership (including any entity treated as a partnership), trust, or tax-exempt organization that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Percentage Owned in Voting Stock |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Part II** **Certain Individuals and Estates Owning the Corporation's Voting Stock.** (Form 1120, Schedule K, Question 4b). Complete columns (i) through (iv) below for any individual or estate that owns directly 20% or more, or owns, directly or indirectly, 50% or more of the total voting power of all classes of the corporation's stock entitled to vote (see instructions).

| (i) Name of Individual or Estate | (ii) Identifying Number (if any) | (iii) Country of Citizenship (see instructions) | (iv) Percentage Owned in Voting Stock |
|---|---|---|---|
| KRISTOFOR S. LOFGREN | 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 | UNITED STATES | 57.35% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**For Paperwork Reduction Act Notice, see the Instructions for Form 1120.**

**Schedule G (Form 1120) (Rev. 12-2011)**

817701
04-01-18    JWA

16341218 147227 0159267-0307543.CSUB  2018.05010 SUSTAINABLE RESTAURANT HO 01592671

# Affiliations Schedule

Form **851**
(Rev. October 2016)
Department of the Treasury
Internal Revenue Service

**For tax year ending** ___JANUARY 1, 2019___ .

▶ File with each consolidated income tax return.
▶ Information about Form 851 and its instructions is at www.irs.gov/form851.

OMB No. 1545-0123

| Name of common parent corporation | Employer identification number |
|---|---|
| SUSTAINABLE RESTAURANT HOLDINGS, INC | 87-3676430 |

Number, street, and room or suite no. If a P.O. box, see instructions.
P.O. BOX 3347

City or town, state, and ZIP code   PORTLAND, OR  97208

## Part I — Overpayment Credits, Estimated Tax Payments, and Tax Deposits (see instructions)

| Corp. No. | Name and address of corporation | Employer identification number | Portion of overpayment credits and estimated tax payments | Portion of tax deposited with Form 7004 |
|---|---|---|---|---|
| 1 | Common parent corporation ............................................. | | | |
| 2 | Subsidiary corporations:<br>QUICKFISH, LLC<br>PO BOX 3347<br>PORTLAND, OR  97208 | 81-4127391 | 0. | 0. |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| | Totals (Must equal amounts shown on the consolidated tax return) ................... ▶ | | | |

## Part II — Principal Business Activity, Voting Stock Information, Etc. (see instructions)

| Corp. No. | Principal business activity (PBA) | PBA Code No. | Did the subsidiary make any nondividend distributions? | | Stock holdings at beginning of year | | | Owned by corporation no. |
|---|---|---|---|---|---|---|---|---|
| | | | Yes | No | Number of shares | Percent of voting power | Percent of value | |
| 1 | Common parent corporation FULL SERVICE RES | 722511 | | | | | | |
| 2 | Subsidiary corporations:<br>FULL SERVICE RESTAUR | 722511 | | X | 1,100 | 100.00 % | 100.00 % | 1 |
| 3 | | | | | | % | % | |
| 4 | | | | | | % | % | |
| 5 | | | | | | % | % | |
| 6 | | | | | | % | % | |
| 7 | | | | | | % | % | |
| 8 | | | | | | % | % | |
| 9 | | | | | | % | % | |
| 10 | | | | | | % | % | |

810521
04-01-18   JWA   **For Paperwork Reduction Act Notice, see instructions.**

14

Form **851** (Rev. 10-2016)

Form 851 (Rev. 10-2016)                                                                                                                    Page **2**

| Part III | Changes in Stock Holdings During the Tax Year |
|---|---|

| Corp. No. | Name of corporation | Share-holder of Corp-oration No. | Date of transaction | (a) Changes | | (b) Shares held after changes described in column (a) | |
|---|---|---|---|---|---|---|---|
| | | | | Number of shares acquired | Number of shares disposed of | Percent of voting power | Percent of value |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |
| | | | | | | % | % |

**(c)** If any transaction listed above caused a transfer of a share of subsidiary stock (defined to include dispositions and deconsolidations), did the share's basis exceed its value at the time of the transfer? See instructions ............................................................................................................. ☐ Yes ☒ No

**(d)** Did any share of subsidiary stock become worthless within the meaning of section 165 (taking into account the provisions of Regulations section 1.1502-80(c)) during the taxable year? See instructions .................................. ☐ Yes ☒ No

**(e)** If the equitable owners of any capital stock shown above were other than the holders of record, provide details of the changes.

_____

_____

_____

_____

_____

**(f)** If additional stock was issued, or if any stock was retired during the year, list the dates and amounts of these transactions.

_____

_____

_____

_____

JWA                                                                                          Form **851** (Rev. 10-2016)

810522
04-01-18

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form 851 (Rev. 10-2016)                                                                                                    Page **3**

| **Part IV** | **Additional Stock Information** (see instructions) |
|---|---|

**1** During the tax year, did the corporation have more than one class of stock outstanding? ........................................ ☐ **Yes**   ☒ **No**

If "Yes," enter the name of the corporation and list and describe each class of stock.

| Corp. No. | Name of corporation | Class of stock |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**2** During the tax year, was there any member of the consolidated group that reaffiliated within 60 months of disaffiliation? ........................................ ☐ **Yes**   ☒ **No**

If "Yes," enter the name of the corporation(s) and explain circumstances.

| Corp. No. | Name of corporation | Explanation |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**3** During the tax year, was there any arrangement in existence by which one or more persons that were not members of the affiliated group could acquire any stock, or acquire any voting power without acquiring stock, in the corporation, other than a de minimis amount, from the corporation or another member of the affiliated group? ........................................ ☐ **Yes**   ☒ **No**

If "Yes," enter the name of the corporation and see the instructions for the percentages to enter in columns (a), (b), and (c).

| Corp. No. | Name of corporation | **(a)** Percent of value | **(b)** Percent of outstanding voting stock | **(c)** Percent of voting power |
|---|---|---|---|---|
|  |  | % | % | % |
|  |  | % | % | % |
|  |  | % | % | % |
|  |  | % | % | % |

| Corp. No. | **(d)** Provide a description of any arrangement. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

JWA                                                                                                            Form **851** (Rev. 10-2016)

Form **4562**

Department of the Treasury
Internal Revenue Service   (99)

**Depreciation and Amortization**
**(Including Information on Listed Property)**   OTHER

▶ **Attach to your tax return.**
▶ **Go to www.irs.gov/Form4562 for instructions and the latest information.**

OMB No. 1545-0172

**2018**

Attachment
Sequence No. **179**

Name(s) shown on return

SUSTAINABLE RESTAURANT HOLDINGS, INC.
AND SUBSIDIARIES

Business or activity to which this form relates

OTHER DEPRECIATION

Identifying number

82-3676430

| **Part I** | **Election To Expense Certain Property Under Section 179  Note:** If you have any listed property, complete Part V before you complete Part I. | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| | | | | |
|---|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | | 12 | |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12 ▶ | 13 | | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

| **Part II** | **Special Depreciation Allowance and Other Depreciation (Don't** include listed property.**)** | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | 14 | 587,553. |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | 1,161. |

| **Part III** | **MACRS Depreciation (Don't** include listed property. See instructions.**)** | | |
|---|---|---|---|

**Section A**

| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 ▶ ☐ | 17 | 291,003. |
|---|---|---|---|

18 If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐

**Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| **19a** 3-year property | | | | | | |
| **b** 5-year property | | | | | | |
| **c** 7-year property | | | | | | |
| **d** 10-year property | | | | | | |
| **e** 15-year property | | | | | | |
| **f** 20-year property | | | | | | |
| **g** 25-year property | | | 25 yrs. | | S/L | |
| **h** Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| **i** Nonresidential real property | SEE STATEMENT 4 | | 39 yrs. | MM | S/L | 12,816. |
| | / | | | MM | S/L | |

**Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| **20a** Class life | | | | | S/L | |
| **b** 12-year | | | 12 yrs. | | S/L | |
| **c** 30-year | / | | 30 yrs. | MM | S/L | |
| **d** 40-year | / | | 40 yrs. | MM | S/L | |

| **Part IV** | **Summary** (See instructions.) | | |
|---|---|---|---|

| 21 | Listed property. Enter amount from line 28 | 21 | |
|---|---|---|---|
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | 22 | 892,533. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

816251 12-26-18   LHA  **For Paperwork Reduction Act Notice, see separate instructions.**

Form **4562** (2018)

Form 4562 (2018)  **SUSTAINABLE RESTAURANT HOLDINGS, INC. AN**  82-3676430  Page **2**

| **Part V** | **Listed Property** (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

24a Do you have evidence to support the business/investment use claimed? ☐ Yes ☐ No  24b If "Yes," is the evidence written? ☐ Yes ☐ No

| (a)<br>Type of property<br>(list vehicles first) | (b)<br>Date<br>placed in<br>service | (c)<br>Business/<br>investment<br>use percentage | (d)<br>Cost or<br>other basis | (e)<br>Basis for depreciation<br>(business/investment<br>use only) | (f)<br>Recovery<br>period | (g)<br>Method/<br>Convention | (h)<br>Depreciation<br>deduction | (i)<br>Elected<br>section 179<br>cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | 25 | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | | 28 | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | | 29 | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a)<br>Vehicle | | (b)<br>Vehicle | | (c)<br>Vehicle | | (d)<br>Vehicle | | (e)<br>Vehicle | | (f)<br>Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 39 Do you treat all use of vehicles by employees as personal use? | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| **Part VI** | **Amortization** |
|---|---|

| (a)<br>Description of costs | (b)<br>Date amortization<br>begins | (c)<br>Amortizable<br>amount | (d)<br>Code<br>section | (e)<br>Amortization<br>period or percentage | (f)<br>Amortization<br>for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2018 tax year: | | | | | |
| WEBSITE | 073118 | 7,500. | | 180M | 208. |
| WEBSITE | 081618 | 3,500. | | 180M | 97. |
| 43 Amortization of costs that began before your 2018 tax year | | | | 43 | 9,438. |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | | 44 | 9,743. |

816252  12-26-18  Form **4562** (2018)

16341218 147227 0159267-0307543.CSUB  2018.05010 SUSTAINABLE RESTAURANT HO 01592671

Form **4562**

Department of the Treasury
Internal Revenue Service   (99)

# Depreciation and Amortization
### (Including Information on Listed Property)  OTHER
▶ Attach to your tax return.
▶ Go to www.irs.gov/Form4562 for instructions and the latest information.

OMB No. 1545-0172

**2018**

Attachment
Sequence No. **179**

Name(s) shown on return

SUSTAINABLE RESTAURANT HOLDINGS, INC.
AND SUBSIDIARIES

Business or activity to which this form relates

OTHER DEPRECIATION

Identifying number

82-3676430

| **Part I** | **Election To Expense Certain Property Under Section 179** Note: If you have any listed property, complete Part V before you complete Part I. | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | **1** | 1,000,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** | 2,500,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | | |
|---|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | **7** | | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | | **8** | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | | **9** | |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | | **10** | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | | **11** | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | | **12** | 0. |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12 ▶ | **13** | | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

| **Part II** | **Special Depreciation Allowance and Other Depreciation (Don't** include listed property.**)** | |
|---|---|---|

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | **14** | |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

| **Part III** | **MACRS Depreciation (Don't** include listed property. See instructions.**)** | |
|---|---|---|

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 | **17** | |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| **19a** 3-year property | | | | | | |
| **b** 5-year property | | | | | | |
| **c** 7-year property | | | | | | |
| **d** 10-year property | | | | | | |
| **e** 15-year property | | | | | | |
| **f** 20-year property | | | | | | |
| **g** 25-year property | | | 25 yrs. | | S/L | |
| **h** Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| **i** Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

**Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| **20a** Class life | | | | | S/L | |
| **b** 12-year | | | 12 yrs. | | S/L | |
| **c** 30-year | / | | 30 yrs. | MM | S/L | |
| **d** 40-year | / | | 40 yrs. | MM | S/L | |

| **Part IV** | **Summary** (See instructions.) | |
|---|---|---|

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | **22** | |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

816251  12-26-18   LHA  **For Paperwork Reduction Act Notice, see separate instructions.** Form **4562** (2018)

Form 4562 (2018)  **SUSTAINABLE RESTAURANT HOLDINGS, INC. AN**    82-3676430   Page **2**

| **Part V** | **Listed Property** (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

24a  Do you have evidence to support the business/investment use claimed?  ☐ Yes  ☐ No  24b If "Yes," is the evidence written?  ☐ Yes  ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | 25 | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| | | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L - | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | | 28 | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | | 29 | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle | | (b) Vehicle | | (c) Vehicle | | (d) Vehicle | | (e) Vehicle | | (f) Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 39 Do you treat all use of vehicles by employees as personal use? | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| **Part VI** | **Amortization** |

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2018 tax year: | | | | | |
| | | | | | |
| | | | | | |
| 43 Amortization of costs that began before your 2018 tax year | | | | 43 | |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | | 44 | |

816252 12-26-18                                                                 Form **4562** (2018)

16341218 147227 0159267-0307543.CSUB   2018.05010 SUSTAINABLE RESTAURANT HO 01592671