**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Sustainable Restaurant Holdings, Inc., | Case No. 20-11087 (___) |
| Debtor. | |
| Tax I.D. No. 82-3676430 | |
| In re: | Chapter 11 |
| SRG Operations, LLC, | Case No. 20-11088 (___) |
| Debtor. | |
| Tax I.D. No. 45-4920486 | |
| In re: | Chapter 11 |
| Quickfish LLC, | Case No. 20-11089 (___) |
| Debtor. | |
| Tax I.D. No. 81-4127391 | |
| In re: | Chapter 11 |
| Bamboo Sushi, LLC, | Case No. 20-11090 (___) |
| Debtor. | |
| Tax I.D. No. 27-1629009 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Quickfish Pearl District LLC, | ) | Case No. 20-11091 (___) |
| Debtor. | ) | |
| Tax I.D. No. 82-2039060 | ) | |
| In re: | ) | Chapter 11 |
| Quickfish SW Stark, LLC, | ) | Case No. 20-11092 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-3931879 | ) | |
| In re: | ) | Chapter 11 |
| Quickfish Slabtown LLC, | ) | Case No. 20-11093 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-4127391 | ) | |
| In re: | ) | Chapter 11 |
| Quickfish Avanti (Bamboo Sushi Avanti, LLC), | ) | Case No. 20-11094 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-1792515 | ) | |
| In re: | ) | Chapter 11 |
| Bamboo Sushi NE Alberta, LLC, | ) | Case No. 20-11095 (___) |
| Debtor. | ) | |
| Tax I.D. No. 46-5057610 | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Bamboo Sushi Lake Oswego, LLC, ) | Case No. 20-11096 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 82-2939484 ) | |
| | |
| In re: ) | Chapter 11 |
| ) | |
| Bamboo Sushi SW 12th, LLC, ) | Case No. 20-11097 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 46-3907382 ) | |
| | |
| In re: ) | Chapter 11 |
| ) | |
| Bamboo Sushi Denver Lo-Hi, LLC, ) | Case No. 20-11098 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 81-2444045 ) | |
| | |
| In re: ) | Chapter 11 |
| ) | |
| Bamboo Sushi NW 23rd, LLC, ) | Case No. 20-11099 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 80-0731361 ) | |
| | |
| In re: ) | Chapter 11 |
| ) | |
| Bamboo Sushi Seattle Cap Hill, LLC, ) | Case No. 20-11100 (___) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 27-1629009 ) | |
| ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Bamboo Sushi U Village Seattle, LLC, | ) | Case No. 20-11101 (___) |
| Debtor. | ) | |
| Tax I.D. No. 84-2069052 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Bamboo Sushi Embarcadero SF, LLC, | ) | Case No. 20-11102 (___) |
| Debtor. | ) | |
| Tax I.D. No. 84-2415837 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Bamboo Sushi Bishop Ranch, LLC, | ) | Case No. 20-11103 (___) |
| Debtor. | ) | |
| Tax I.D. No. 83-2603763 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Bamboo Sushi Kierland Scottsdale, LLC, | ) | Case No. 20-11104 (___) |
| Debtor. | ) | |
| Tax I.D. No. 84-3790483 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Bamboo Sushi Commissary Kitchen, LLC, | ) | Case No. 20-11105 (___) |
| Debtor. | ) | |
| Tax I.D. No. 83-2592194 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Bamboo Sushi Biltmore Phoenix, LLC, | ) ) | Case No. 20-11106 (___) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 84-2269412 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| Bamboo Sushi Valley Fair, LLC, | ) ) | Case No. 20-11107 (___) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 84-2282887 | ) ) |  |
| In re: | ) ) | Chapter 11 |
| Bamboo Sushi Washington Square, LLC, | ) ) | Case No. 20-11108 (___) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 84-3765066 | ) ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF THEIR RELATED
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Sustainable Restaurant Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully state the following in support of this motion.

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Matthew Park in Support of Debtors' First Day Motions and Applications* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on May 12, 2020 (the Petition Date").

5

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of their related chapter 11 cases; and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Sustainable Restaurant Holdings, Inc., and that these chapter 11 cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sustainable Restaurant Holdings, Inc., *et al.*,[1] | ) | Case No. 20-11087 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: Sustainable Restaurant Holdings, Inc. (6430); SRG Operations, LLC (0486); Quickfish LLC (7391); Bamboo Sushi, LLC (9009); Quickfish Pearl District LLC (9060); Quickfish SW Stark, LLC (1879); Quickfish Slabtown LLC (7391); Quickfish Avanti (Bamboo Sushi Avanti, LLC) (9009); Bamboo Sushi NE Alberta, LLC (7610); Bamboo Sushi Lake Oswego, LLC (9484); Bamboo Sushi SW 12th, LLC (7382); Bamboo Sushi Denver Lo-Hi, LLC (4045); Bamboo Sushi NW 23rd, LLC (1361); Bamboo Sushi Seattle Cap Hill, LLC (9009); Bamboo Sushi U Village Seattle, LLC (9052); Bamboo Sushi Embarcadero SF, LLC (5837); Bamboo Sushi Bishop Ranch, LLC (3763); Bamboo Sushi Kierland Scottsdale, LLC (0483); Bamboo Sushi Commissary Kitchen, LLC (2194); Bamboo Sushi Biltmore Phoenix, LLC (9412); Bamboo Sushi Valley Fair, LLC (2887); Bamboo Sushi Washington Square, LLC (5066). The Debtors' headquarters address is: 920 SW 6th Avenue, Suite 1200, Portland, OR 97204 and mailing address is: PO Box 3347, Portland, OR 97208. The Debtors operate restaurants under the following names: Bamboo Sushi and Quickfish.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of the case of Sustainable Restaurant Holdings, Inc. that is substantially similar to the following:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: Sustainable Restaurant Holdings, Inc.; SRG Operations, LLC; Quickfish LLC; Bamboo Sushi, LLC; Quickfish Pearl District LLC; Quickfish SW Stark, LLC; Quickfish Slabtown LLC; Quickfish Avanti (Bamboo Sushi Avanti, LLC); Bamboo Sushi NE Alberta, LLC; Bamboo Sushi Lake Oswego, LLC; Bamboo Sushi SW 12th, LLC; Bamboo Sushi Denver Lo-Hi, LLC; Bamboo Sushi NW 23rd, LLC; Bamboo Sushi Seattle Cap Hill, LLC; Bamboo Sushi U Village Seattle, LLC; Bamboo Sushi Embarcadero SF, LLC; Bamboo Sushi Bishop Ranch, LLC; Bamboo Sushi Kierland Scottsdale, LLC; Bamboo Sushi Commissary Kitchen, LLC; Bamboo Sushi Biltmore Phoenix, LLC; Bamboo Sushi Valley Fair, LLC; Bamboo Sushi Washington Square, LLC.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-11087 (___).

## Jurisdiction and Venue

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are sections 105(a) and 342 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

## Background

7.  Information about the Debtors' business and the events leading to the commencement of these chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

## Basis for Relief

8.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The four Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.  Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

10.  Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*,

*In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del. Feb. 3, 2016) (directing joint administration of chapter 11 cases); *In re Samson Res. Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (same); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (same); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015) (same); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr. D. Del. May 6, 2014) (same).[2]

## Notice

11. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) all parties asserting liens against the Debtors' assets; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for all states in which the Debtors conduct business or have conducted business; and (h) any party that requests service pursuant to Bankruptcy Rule 2002. As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m)(iv). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

12. No prior request for the relief sought in this motion has been made to this or any other court.

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: May 12, 2020<br>Wilmington, Delaware | */s/ Domenic E. Pacitti*<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>Sally E. Veghte (DE Bar No. 4762)<br>919 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br><br>-and-<br><br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Morton R. Branzburg (*pro hac vice admission pending*)<br>1835 Market Street, 14th Floor<br>Philadelphia, PA 19103<br>Telephone: (215) 569-2700<br>Facsimile: (215) 568-6603<br><br>*Proposed Attorneys for the Debtors* |